UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HOUGHTAILING,<br><br>Plaintiff,<br><br>v.<br><br>CROWN EQUIPMENT CORPORATION,<br><br>Defendant. | Case No. 11-cv-05040-TEH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE** |

Pursuant to the Court's December 3, 2012, Order for Pretrial Preparation (Docket No. 27), Defendant Crown Equipment Corporation dba Crown Lift Trucks filed three motions *in limine* on October 28, 2014. (Docket Nos. 70-72). Plaintiff Jesse Houghtailing has not filed a response to these motions, and the time for any such response has now passed. After considering Defendant's arguments, the Court now GRANTS IN PART AND DENIES IN PART Defendant's motions *in limine* as set forth below.

**DISCUSSION**

**I.   Motion One: To exclude any "expert" testimony or opinions by Plaintiff.**

The Court GRANTS Defendant's first motion *in limine* to exclude any "expert" testimony or opinions by Plaintiff regarding forklift design or maintenance. (Docket No. 70). In the area of forklift design and maintenance, Plaintiff is not "qualified as an expert by knowledge, skill, experience, training, or education," as required for expert testimony by Federal Rule of Evidence 702. Plaintiff is not an engineer, has not studied or designed forklifts, and has no experience servicing forklifts. Therefore, his testimony on "expert" issues related to the design or maintenance of forklifts is likely to confuse the issues, mislead the jury, and waste the Court's time. *See* Fed. R. Evid. 403. Accordingly, such testimony cannot be sufficiently reliable or relevant to warrant its inclusion at trial under Federal Rules of Evidence 702 and 403.

### II. Motion Two: To exclude any "expert" testimony by lay witnesses, including co-worker forklift drivers, and Plaintiff's treating physicians.

The Court also GRANTS Defendant's second motion *in limine* to exclude any "expert" testimony by lay witnesses, including co-worker forklift drivers and Plaintiff's treating physicians. Plaintiff was required to identify any expert witnesses that he might call at trial no later than 45 days before the pretrial conference. Dec. 3, 2012 Order for Pretrial Preparation (Docket No. 27). Plaintiff did not disclose any expert witnesses by that deadline. Nonetheless, during a telephonic Case Management Conference with the Court on October 9, 2014, Plaintiff was encouraged to retain and disclose the identity of expert witnesses as quickly as possible. As of today, he still has not identified any expert witnesses. Therefore, in accordance with this Court's December 3, 2012 Pretrial Order and Federal Rule of Civil Procedure 37(c)(1), Plaintiff cannot use any third-party expert testimony or information at trial. Additionally, the Court will not allow Plaintiff to offer expert testimony in the form of lay witnesses, as prohibited by Federal Rules of Evidence 701 and 702.

### III. Motion Three: To exclude any testimony or evidence by Plaintiff regarding hearsay statements concerning other incidents involving Crown forklifts, or alleged discussions with Crown employees.

Federal Rules of Evidence 801 and 802 provide that out-of-court statements cannot be entered into evidence for the truth of the matter asserted, absent the application of a recognized exception. The Court therefore GRANTS Defendant's request to exclude any hearsay statements concerning other incidents involving Crown forklifts.

Nonetheless, the Court DENIES Defendant's request for a blanket exclusion of all evidence of other accidents involving Crown forklifts. However, if Plaintiff wants to admit any evidence regarding other accidents, he will need to show a "substantial similarity" between those accidents and the one at trial, as required by *Cooper v. Firestone Tire and Rubber Company*, 945 F.2d 1103, 1105 (9th Cir. 1991).

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS IN PART AND DENIES IN PART Defendant's motions *in limine*. While Plaintiff may not offer third-party expert testimony or hearsay at trial, he may offer evidence relating to other accidents involving Crown forklifts where he is able to make the requisite showing of substantial similarity with the accident in this case.

**IT IS SO ORDERED.**

Dated:   11/18/14

THELTON E. HENDERSON
United States District Judge