UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HOUGHTAILING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CROWN EQUIPMENT CORPORATION,<br><br>　　　　Defendant. | Case No. 11-cv-05040-TEH<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW** |

Following two days of jury trial, Defendant Crown Equipment Corporation moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a), which was granted by the Court on March 11, 2015. The Court now issues this written Order formally GRANTING Defendant's motion for the reasons discussed below.

**BACKGROUND**

Plaintiff Jesse Houghtailing filed a Complaint against Defendant Crown Equipment Corporation on August 3, 2011, in Alameda County Superior Court. The form Complaint alleged that on August 16, 2009, Plaintiff was injured when the Crown forklift he was operating struck a pole due to a brake malfunction. The Complaint alleged negligence on the part of Defendant for failing to properly service and maintain the forklift, as well as product liability and breach of implied warranties.

Crown answered the Complaint and removed the action to this district on October 13, 2011. The initial trial, scheduled for November 2014, was continued until March 10, 2015. At the Pretrial Conference held on November 18, 2014, Plaintiff, representing himself *pro se* after the withdrawal of counsel, affirmatively abandoned his design defect claim, which was dismissed by the Court following the meeting. (Docket No. 78).

The jury trial in this case began on March 10, 2015. Before jury selection began, the Court granted Plaintiff's motion to voluntarily dismiss his manufacturing defect claim.

(Docket Nos. 81, 81-1). Accordingly, after jury selection, Plaintiff proceeded with his negligence and implied warranty claims. Over the course of the next two days, Plaintiff presented the entirety of his case, consisting of the testimony of Mr. Connell, a forklift operator who worked with Plaintiff at the Frito-Lay distribution warehouse, and his own testimony provided to the jury in narrative form. Plaintiff introduced no exhibits at trial as evidence in support of his remaining claims. Additionally, Plaintiff disclosed no expert witnesses by the pretrial deadline, and offered no expert testimony at trial.

After Plaintiff's case was fully heard, Defendant made a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), which was preserved by the Court. Defendant proceeded to call two witnesses, James Woodard and Mark Cash, and offered the video deposition of Travis Prater. After the testimony of Mark Cash, Defendant renewed its Rule 50(a) motion. The Court explained the motion to Plaintiff and heard the Parties' oral arguments. After considering those arguments and the evidence provided at trial, the Court granted the Rule 50(a) motion and dismissed the jury.

**LEGAL STANDARD**

Rule 50(a) of the Federal Rules of Civil Procedure requires a party seeking judgment as a matter of law to file a motion after the nonmoving party has been "fully heard" and "before the case is submitted to the jury . . . specify[ing] the judgment sought and the law and facts that entitle the movant to judgment." In granting the motion, a Court must find that a "reasonable jury would not have a legally sufficient evidentiary basis to find for the [nonmoving party.]" Fed. R. Civ. P. 50(a)(1). The Advisory Committee Notes for Rule 50 explain that the Rule "authorizes the Court to perform its duty to enter judgment as a matter of law at any time during the trial, as soon as it is apparent that either party is unable to carry its burden of proof that is essential to that party's case."

**DISCUSSION**

The Court granted Defendant's Rule 50 motion after it became clear that Plaintiff had presented all of his evidence and been fully heard on his remaining claims. *See* Fed. R. Civ. P. 50(a)(1) (judgment as a matter of law only appropriate after nonmoving party fully heard). In fact, the Court, recognizing the difficulties of *pro se* litigation, waited to issue its decision on the motion until after Defendant had provided the testimony of three of its own witnesses, in an attempt to afford Plaintiff the opportunity to elicit evidence from those witnesses. Rather than expend additional judicial resources, and further inconvenience the Parties and jurors involved in the trial, the Court heard oral argument on the Rule 50 motion and inquired into whether Plaintiff could meet his evidentiary burden if the trial continued. It was evident that he could not.

**I.   Negligence**

After voluntarily dismissing his product liability claims, Plaintiff's remaining claims consisted of negligence and breach of the implied warranties. In order to prove his negligence claim, Plaintiff would have needed to provide sufficient evidence that Defendant (1) negligently serviced and maintained the forklift, and (2) Defendant's negligence was a substantial factor in causing Plaintiff's harm. *See* Cal. Civ. Code § 1714(a) (definition of negligence); *Ramirez v. Plough, Inc.*, 6 Cal. 4th 539, 546 (1993) (providing basic standard of care formulation; *Mitchell v. Gonzales*, 54 Cal. 3d 1041, 1052 (1991) (noting California has adopted "substantial factor" test for cause element).

Plaintiff presented insufficient evidence that Defendant was negligent in servicing the Frito-Lay forklift that he was operating when he was allegedly injured. As Defendant notes, forklifts are complex machines that are serviced by highly trained and highly skilled technicians. Neither Plaintiff nor his lone witness, Mr. Connell, have any experience or expertise in forklift maintenance. As a result, neither Plaintiff nor Mr. Connell provided any testimony regarding the standard of care required of equipment companies in servicing and maintaining operable forklifts. In addition, Plaintiff provided no evidence that

3

Defendant was ever informed of any problem with the forklift's breaks. In the absence of evidence providing a standard of care or notice to Defendant, the jury was left with nothing on which to assess the duty Defendant owed Plaintiff. Further, Plaintiff presented no evidence regarding any actions that Defendant did or did not take, leaving the jury with no basis to find a breach of Defendant's duty. Plaintiff could have provided the requisite evidence through a number of different avenues, such as by offering maintenance reports demonstrating Defendant's failure to regularly service the forklifts, or documentation that Frito-Lay communicated Plaintiff's concerns to Defendant without response. Despite the Court's best effort to allow Plaintiff the opportunity to produce such evidence, none was provided.

Additionally, Plaintiff admitted that he was 14 feet from the pole when plugging failed, and that his service brake was working properly. This evidence suggested that Plaintiff could have stopped the forklift well before the collision. Further, Plaintiff did not undergo an initial medical examination that might have attributed any harm to the forklift accident. As a result, Plaintiff failed to present sufficient evidence that Defendant's conduct was a "substantial factor" in causing his harm.

In addition to Plaintiff's failure to provide sufficient evidence to establish duty, breach, and causation, Defendant produced substantial evidence of Plaintiff's comparative fault. This evidence included Plaintiff's admitted failure to follow basic safety procedures that may have prevented the alleged accident, such as running a diagnostic of the forklift at the beginning of his shift, and coming to a full stop at each intersection. Because Plaintiff failed to support the essential elements of his negligence claim with sufficient evidence, coupled with the fact that Defendant provided substantial evidence demonstrating comparative negligence, no reasonably jury could have found in his favor, and judgment for Defendant was appropriate as a matter of law.

4

## II. Breach of the Implied Warranties

Plaintiff's remaining claims - breaches of the implied warranties of merchantability and fitness for a particular purpose - were also insufficiently supported by evidence. First, regarding his claim for breach of the implied warranty of fitness for a particular purpose, Plaintiff failed to present any evidence to support the claim's essential element that Plaintiff intended to use the forklift for a "particular purpose," *i.e.*, a use different from the ordinary purpose of forklifts. *American Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1295 n. 2 (1995). As a result, he could not prevail on that claim.

Second, Plaintiff's claim for breach of the implied warranty of merchantability fails for many of the same reasons that Plaintiff's negligence and product liability claims were untenable. Aside from his own testimony, Plaintiff provided no evidence that the forklift was unfit for its ordinary use. *See Isip v. Mercedes-Benz USA, LLC*, 155 Cal. App. 4th 19, 26 (2007) ("The core test of merchantability is fitness for the ordinary purpose for which such goods are used."). Moreover, Plaintiff's testimony that the forklift was defective was heavily outweighed by Defendant's showing that Plaintiff never reported any problem with the forklift until many weeks after his accident, when he was in the process of filing for workers' compensation. Further, there is no record that the forklift was flagged by other workers, or that anyone else witnessed or experienced a brake malfunction. Even assuming that there was something wrong with the forklift, Plaintiff provided no evidence that the forklift's defect was a "substantial factor" in causing his harm, as required for an implied warranty claim - just as he failed to do in the context of his negligence claim above.

Finally, because the theory of strict liability in tort has virtually superseded the concept of implied warranties under California law, *Grinnell v. Charles Pfizer & Co.*, 274 Cal. App. 2d 424, 432 (1969), Plaintiff's abandonment of his strict product liability claims could reasonably be construed as an abandonment of his breach of implied warranties claims. Regardless, Plaintiff fell far short of the minimum threshold for the evidentiary showing necessary to survive a Rule 50(a) motion.

5

**CONCLUSION**

For the foregoing reasons, Defendant's motion for judgment as a matter of law is GRANTED.  Judgment is hereby entered in favor of Defendant Crown Equipment Corporation.

**IT IS SO ORDERED.**

Dated:   03/12/15

THELTON E. HENDERSON
United States District Judge